### MARSHALL *v.* POPE.

On the trial of an action to recover money alleged to have been paid as usury, there being some evidence to support the verdict, it was not error to refuse a new trial on the ground that the verdict was contrary to law and evidence.

February 24, 1890.

Interest and usury. Verdict. Before Judge SMITH. Taylor superior court. August adjourned term, 1888.

Action by H. B. Pope, who was the sole heir of S. L. Pope, to recover of Marshall money alleged to have been usury paid to him by plaintiff. After the first trial, the case came to the Supreme Court, and is reported in 78 *Ga.* 635. At a subsequent trial, the evidence for the plaintiff showed, in brief, as follows: On January 25, 1882, S. L. Pope made to Marshall a fee simple warranty deed, reciting a consideration of $3,000, and conveying about 2,000 acres of land; and an agreement to remain on, look after and take charge of this land, holding possession only as tenant or agent of Marshall, reciting that Marshall had bought the land from him and he had received payment for it. On the next day he made two notes for $510 each, payable to Marshall or bearer, for the rent of this land for 1882 and 1883, due in one and two years respectively; and Marshall made to him a bond for title reciting the giving of these notes and the conveyance of the land, agreeing to make Pope a quit-claim title to the land upon payment of the notes and also of the sums of $1,245 and $1,515.60 respectively on the days the notes

fell due, and reserving the right to enter on the land
and dispossess Pope if these payments were not made.
He also wrote to Pope a letter of the same date, calling
attention to a mistake of $28 in the calculation as to the
amount specified in the bond, and stating that as the
bond was $28 short, he had taken that much out of the
amount he was then sending by express, the amount
so sent being $509.83.   With this letter was enclosed a
calculation showing that interest on the $3,000 was
computed at the rate of 17 per cent., making $510 *per
annum*.   After the death of S. L. Pope, the plaintiff
desired to pay the debts of the estate and secure a clear
title to it, and to borrow money for this purpose; but
in order to do so, he was compelled to pay off the in-
cumbrance held by Marshall.   He executed to a loan
company a mortgage on the land (which was worth
seven to twelve dollars per acre), on his title as sole
heir at law, for $8,500, and thus obtained the money
to pay Marshall, who claimed that the estate owed him
$3,000 principal and interest at 17 per cent. *per annum*
from January 26, 1882, for two years on half the prin-
cipal, and to June 1, 1883, on the other half.   On the
latter date, plaintiff paid him $3,885.50 to satisfy his
claim, having in the previous January paid him
$125 interest; was forced to settle with him on his
own terms, or lose the loan, and so settled but under
protest, taking his quit-claim deed to the land, reciting
a consideration of $3,900.   Marshall stated to plaintiff
that S. L. Pope borrowed $3,000 from him and secured
it by making the deed to the land, giving a note for
the $3,000 and two other notes for $510 each for the
interest on the $3,000 ; that one Smith advised S. L.
Pope not to borrow the money as the terms were too
hard, and upon Pope's asserting his intention to dis-
regard this advice, Smith began to write a bond, where-
upon Marshall interfered and told Smith that he wrote

his own bonds; and that after lending the money, he heard that the land mortgaged to him was entailed by the will of Pope, and asked Pope to insure his life for his (Marshall's) benefit to secure the loan, but upon investigation, found the will and title all right.

The testimony of Marshall, Smith and Danielly showed as follows: S. L. Pope had applied to Marshall several times for a loan, offering 18 per cent. *per annum* as interest, but Marshall declined to lend. Afterwards, and before the consummation of the trade between them, Pope offered to sell Marshall the land referred to, for $3,000, saying he must have some money. Marshall told him he would buy the land provided he could make a good title; examined the title and closed the trade with him. They went to Smith's office, and Smith and Danielly witnessed the deed. Smith thought Marshall was lending the money to Pope, and proposed to write a bond for reconveyance, but it was explained to him that it was a sale and not a loan, and he said he thought Marshall had made a good trade. The deed was recorded the same day. Marshall paid out part of the money for Pope, and on the next day sent Pope $509 by express. There was no arrangement and nothing said between them before or on the day of the sale that Marshall was to reconvey the land to Pope, but after the consummation of the trade, and on the next day, when Pope came to receive the balance of the money as per agreement, he asked if Marshall would be willing to sell the land back to him, Marshall replied, as he had no special use for it, that if Pope would give for the rent of it what 17 per cent. *per annum* would be on the amount of the price paid him for it, Marshall would sell him the place back. To this Pope agreed, and Marshall gave him the bond for titles, and they made the figures for this trade on this basis. Pope hurried off on the first train and before

the whole matter was fixed up, and after he left, Marshall discovered a mistake of $28 in the calculation, and wrote the letter in evidence, making the figures on it in order to have the mistake corrected. Pope gave him the two rent notes, and a note for $125 which he afterwards borrowed of Marshall; and these three are the only notes Marshall ever held against him. After his death, plaintiff asked Marshall if his brother owed him; Marshall replied that he owed him two notes of $510 each and one for $125. Plaintiff said he thought S. L. Pope owed Marshall two or three thousand dollars borrowed money; but Marshall replied that he owed the two notes for $510 each for the rent of the land he had sold Marshall for $3,000, and the note for $125 borrowed money, and then showed plaintiff the notes and the deed; and plaintiff admitted it to be a sale or said it looked so to him. Marshall asked if he had found the bond which Marshall had given to his brother; he said no, and Marshall told him he had agreed to sell the land back, explained to him the terms, and told him if he should not find the bond he would carry out the agreement with him. Plaintiff thanked him and said he would pay the money promptly. Afterwards he said he wanted to pay up the whole matter and get a deed to the place. Before doing so, he brought his attorney, who offered Marshall $3,500 for all the papers Marshall held against S. L. Pope and for a deed to the land, the note for $125 having been already paid by plaintiff. Marshall declined to accept this proposition, and afterwards plaintiff told him he did not authorize the attorney to make it but was willing to pay the claims as contracted by his brother, and insisted on paying Marshall 12 per cent. interest on the claim past due when Marshall wanted to count it at 7 per cent. They agreed to the amount to be paid, $3,885.50, and it was paid, and plaintiff ex-

pressed himself as satisfied with the settlement.  Marshall never told that he loaned his brother $3,000, nor that he held his brother's note for $3,000 nor that Smith advised S. L. Pope not to borrow the money, or anything like it.  He did not lend Pope the money but purchased the land, and so stated to Danielly in Pope's presence; and Pope assented to this statement.

The jury, on October 3, 1888, found for the plaintiff $475.50, with interest at 7 per cent. from June 1st, 1883.  To a denial of a new trial the defendant excepted.

W. S. WALLACE, for plaintiff in error.

H. A. MATHEWS, *contra*.

BLANDFORD, Justice.

This was a motion for a new trial upon the grounds that the verdict of the jury was contrary to law and the evidence, and without evidence to support it.  In looking into the evidence as disclosed by this record, we are satisfied that there is some evidence to support this verdict, and therefore that the court did not err in refusing to grant a new. trial upon the grounds mentioned in the motion.        *Judgment affirmed.*